hLeBLANC, Judge.
By order dated September 25, 1997, the Louisiana Gaming Control Board through its’ Chairman ordered that the Queen of New Orleans at the Hilton Joint Venture (QNOV) cease all riverboat gaming operations at the Flamingo Casino as of 2400 hours on September 30, 1997. The QNOV, the licensee, did not appeal that ruling. On September 30, the City of New Orleans filed a “Petition for Appeal of Louisiana Gaming Control Board Order, and Injunctive Relief, Temporary Restraining Order and Declaratory Judgment”. On that same date, the trial court signed a temporary restraining order, prohibiting the Board from proceeding with any actions to terminate gaming operations at the Flamingo Casino. The Board applied for supervisory writs, contesting the issuance of the TRO on the basis that the City of New Orleans has no right of action in this matter. We agree.
The trial court’s ruling of September 30, 1997, granting a temporary restraining order hereby is reversed and judgment is entered in the Board’s favor, dissolving the temporary restraining order and dismissing the suit filed by the City of New Orleans, with prejudice, at plaintiff’s cost. The licensee is not a party plaintiff hereto. The City of New Orleans has no right of action to interfere with the statutory duties of the Louisiana Gaming Control Board, simply because it finds the continued operation of the riverboat to be advantageous for the city. The issues raised by the City of New Orleans border on the frivolous.
TEMPORARY RESTRAINING ORDER DISSOLVED; SUIT DISMISSED, WITH PREJUDICE, AT THE COST OF RESPONDENT/PLAINTIFF.
FITZSIMMONS, J., agrees with the majority opinion and assigns additional reasons.